IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PARISH GOLDEN,

                Plaintiff,

v.

SARAH COOPER, *et al.*,

                Defendants.

ORDER

25-cv-205-wmc

---

      Plaintiff Parish Golden has filed a civil lawsuit challenging a policy in place at his institution requiring that inmates be provided with photocopies rather than the original copies of all legal mail as violative of his First Amendment free speech rights. Dkt. 1. His complaint is under advisement with the court and has not yet been screened. This order addresses his motions for a status hearing, Dkts. 15 & 16, and his motion for assistance in recruiting counsel, Dkt. 19.[1] For the following reasons, I will deny these motions.

ANALYSIS

**A. Motion for assistance in recruiting counsel, Dkt. 19**

      Golden asks the court for counsel, fearing that original copies of discoverable materials will be destroyed and arguing that this case is complex and will require an expert witness and "at least one or two attorneys" because he is challenging the constitutionality of a mail policy at his institution. Dkt. 20 at 1. He also cites his need for a lawyer to cross-examine witnesses, to obtain documents from the court and defendants, to depose prison officials, and to

---

[1] Golden has also filed a motion for a temporary restraining order. Dkt. 21. The court will address that motion in a separate order.

effectively present this case. In support, he has attached letters he claims to have sent to law firms and legal organizations. Dkt. 19-1.

Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to assist with the recruitment of counsel, Golden must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Golden has met this requirement because he is proceeding in forma pauperis. Dkt. 9.

Second, Golden must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Golden has also met this requirement because he has attached letters he has sent to law firms and legal organizations.

Third, Golden must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others,

should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In this respect, Golden's motion must be denied as premature because it is far too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel. Federal civil litigation is generally challenging for most self-represented parties, and their limited knowledge of the law is a common predicament. So are the limitations on incarcerated individuals. Golden is challenging his institution's legal mail policy as unconstitutional, but his complaint has yet to be screened, so it is not clear whether his lawsuit will proceed or in what form. And while Golden is concerned with discovery and trial-type legal tasks such as gathering evidence, deposing witnesses, securing expert witnesses and cross examination, discovery has not even begun and there are no legal tasks for him to complete right now.[2]

I will deny Golden's motion without prejudice, which means that he can renew his motion if his circumstances change and he believes that he is unable to litigate the lawsuit himself. If he refiles his motion, he will need to explain what specific litigation tasks he is facing that he is unable to accomplish and why.

**B. Motions for a status hearing, Dkts. 15 & 16**

Golden also requests a status hearing, but his requests are unnecessary. If Golden is granted leave to proceed, the court will set a preliminary pretrial conference with a magistrate

---

[2] Golden expresses concern that the original copies of discoverable evidence will be destroyed, but this concern appears largely speculative, and it is not clear how this concern relates to the need to recruit counsel. Parties have a duty to take reasonable steps to preserve potentially relevant information that arises when a party may reasonably anticipate litigation, regardless of whether the parties are unrepresented or counseled. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (discussing when defendant had a duty to preserve evidence because it knew, or should have known, that litigation was imminent).

judge after defendants have appeared and answered. At that conference, the magistrate judge will set the case schedule and provide Golden guidance on how to litigate his lawsuit as an unpresented party, including how to use the discovery process effectively to obtain evidence in support of his claim. This will be his opportunity to ask questions about the litigation process and address any initial concerns with the court.

ORDER

IT IS ORDERED that:

1) Plaintiff Parish Golden's motion for appointment of counsel, Dkt. 19, is DENIED without prejudice.

2) Plaintiff's motions for a status hearing, Dkts. 15 & 16, are DENIED.

Entered July 21, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge