IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARISH GOLDEN,

                Plaintiff,                OPINION AND ORDER

   v.

                                    25-cv-205-wmc

SARAH COOPER, TIMOTHY THOMAS,
JOHN DOES 1-11, RHONDA CORDERO,
JARED HOY, and JOHN DOES 12-100,

                Defendants.

Plaintiff Parish Golden, a state inmate currently housed at New Lisbon Correctional Institution ("NLCI"), claims that the Wisconsin Department of Corrections' ("DOC") policy of copying mail and shredding the original violates his First Amendment rights. (Dkt. #1.) Because Golden is incarcerated and has not prepaid the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2) & 1915A, dismissing any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. The court accepts Golden's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). For the reasons explained below, plaintiff's complaint will be dismissed for failure to state a claim, but the court will allow him a chance to file an amended complaint. Next, the court will deny plaintiff's motion for a temporary restraining order (dkt. #21) and deny as moot plaintiff's motion to have the court issue a screening order. (Dkt. #31.) Finally, the court will overrule plaintiff's objections to Magistrate Judge Anita Boor's order denying his motion for assistance in recruiting counsel. (Dkt. #30.)

ALLEGATIONS OF FACT[1]

Golden alleges that: DOC Administrator Sarah Cooper is responsible for drafting and enforcing the policy; DOC Secretary Jared Hoy failed to stop enforcement of the unconstitutional policy; NLCI Warden Tim Thomas is responsible for enforcing the legal mail policy; NLCI Inmate Complaint Examiner ("ICE") Rhonda Cordero failed to address the policy; and defendant John Does 1-100 carried out the policy.

Specifically, Golden alleges that, on August 26, 2024, he was called to NLCI intake to get his legal/privilege mail. After Golden showed his identification card, two John Doe defendant Corrections Officers opened Golden's legal mail from a court, photocopied it, then shredded the original without his permission. He also alleges that a similar process happened with legal mail from the court three more times on August 29, September 4, and September 16. Golden further complained about this "policy" to John Does 9 and 11, Administrator Cooper, Secretary Hoy, and ICE Cordero, but none did anything to stop the destruction of his mail.

Finally, Golden asserts that he cannot authenticate documents received in the mail because the original was destroyed, adding that "[i]f there is no clean copy of the document the exhibit may be excluded and your case may be significantly harmed by it being excluded." (Dkt. #1, at 13.)

OPINION

I. Screening of Complaint

Inmates have a First Amendment right to receive mail. *Kaufman v. McCaughtry*, 419

---

[1] The following facts are taken from the complaint, viewed in a light most favorable to plaintiff, including drawing all reasonable inferences in his favor.

2

F.3d 678, 685 (7th Cir. 2005); *Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010) (prison officials reading a prisoner's legal mail implicates "the right of access to the courts"). Inmate legal mail "is entitled to greater protections because of the potential for interference with [an inmate's] right of access to the courts." *Kaufman*, 419 F.3d at 685-86. In this case, plaintiff asserts that prison staff copied and shredded the original mail from courts. While most communications from courts are public documents that "prison officials have as much right to read as the prisoner," other communications are sensitive. *Guajardo-Palma*, 622 F.3d at 804. Still, "[n]o legal mail is sacrosanct," and "[p]rison officials cannot be certain, just from the return address on an envelope, that a letter is from a lawyer (or indeed from a court or agency) rather than from a criminal confederate of the prisoner masquerading as a lawyer." *Id.* To accommodate a prisoner's interest in confidential legal communications and the prison's interest in security, courts have permitted prison staff to open mail in the presence of the recipient inmate. *Id.* at 804-05. As the Seventh Circuit explained, "this could in no way constitute censorship, since the mail would not be read," and "the possibility of contraband in such letters, surely warrants prison officials' opening the letters." *Id.* (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974)).

To succeed on his claim, plaintiff must show that he was (or is) suffering an "actual injury" by being "frustrated" or "impeded" in bringing a non-frivolous claim regarding a criminal conviction, sentence, or a civil rights action under 42 U.S.C. § 1983. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). The injury must be a specific hinderance related to a lawsuit, *Owens v. Evans*, 878 F.3d 559, 565 (7th Cir. 2017), "such as the dismissal of a complaint or an inability to file a complaint at all," *Beese v. Todd*, 35 F. App'x 241, 243-44 (7th Cir. 2002).

3

In this case, plaintiff's allegations suggest that he watched the defendant Doe officers copy his legal mail, who then shredded the original, so the court infers that he was present when the officers opened his mail, thus complying with the court's accommodation of his interest in confidentiality and the prison's interest in security.[2] While plaintiff does allege that prison officials shredded the original mail, he does not explain how this alleged action violates his right of access to courts. At most, plaintiff alleges that he cannot authenticate and file the documents sent by the court, but not: (1) what documents courts had sent him; (2) why he would be prevented from filing the documents simply because they are copies (notably, most, if not all, documents sent from or to a court are copies); and (3) he has not alleged that he suffered any specific hinderance from being denied the original, much less dismissal of a complaint or inability to file a complaint at all.

Absent a viable claim, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915A(b). However, the Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Accordingly, the complaint will be dismissed without prejudice to plaintiff filing an amended complaint, if he wishes to do so, within 30 days that addresses the defects in his current complaint as noted above.

## II. Temporary Restraining Order

Plaintiff also moves for a temporary restraining order preventing the DOC from photocopying and shredding his legal mail. (Dkt. #21.) He asserts that he is in actual or imminent danger of injury because if this case were to proceed, prison officials will likely also

---

[2] Plaintiff does not allege that any prison official actually read his legal documents.

4

destroy the original versions of discovery that the Wisconsin Department of Justice may send him. In support of his motion for a temporary restraining order, he references his own affidavit along with affidavits from other inmates, which mirrors the allegations in this complaint. (Dkts. ##5-8.)

For the court to grant preliminary injunctive relief, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). Most importantly, plaintiff has not shown a likelihood of success on the merits of his claim when, for the reasons explained in the previous section, his complaint does not state a claim. Moreover, while plaintiff asserts that he will suffer irreparable harm if prison officials destroy original copies of the discovery that the Wisconsin Department of Justice sends him, that harm is also only speculative, again especially because plaintiff has not explained how, if at all, he has been prejudiced by a denial of receipt of the original documents. Finally, while plaintiff has filed some evidence in support of his motions, he has not followed this court's procedures for motions for injunctive relief (https://www.wiwd.uscourts.gov/sites/default/files/Injunctive_Relief.pdf), which require him to file proposed findings of fact in support of his request for injunctive relief, as well as the evidence supporting those proposed factual findings.

### III. Appeal of Magistrate Judge Decision Denying Motion for Assistance Recruiting Counsel

Judge Boor denied without prejudice plaintiff's motion for assistance recruiting counsel, reasoning that it was "far too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel." (Dkt. #22, at 3.) Judge Boor further explained that

5

plaintiff's complaint had not yet been screened, so it was unclear whether his lawsuit would proceed and in what form, and there were no legal tasks for him to complete at that moment. (*Id.*)  In a footnote, Judge Boor noted that plaintiff's concern that original versions of discoverable evidence would be destroyed was speculative, noting that parties have a duty to preserve potentially relevant information that arises when a party may reasonably anticipate litigation.  (*Id.* at 3 n.2.)

Plaintiff now objects to Judge Boor's order, asserting that: (1) I should have issued an order addressing his motion for assistance recruiting counsel; (2) Judge Boor should have waited until the case was screened to address his motion for assistance in recruiting counsel; (3) this case is complex and warrants counsel because he alleges a *Monell v. Department of Social Services*, 436 U.S. 658 (1978) claim; (4) discovery will be destroyed when it is sent to him because of DOC's copy and shred policy; and (5) Judge Boor neglected to mention that counsel could help with early mediation.  (Dkt. #30.)

A magistrate judge's ruling on a non-dispositive issue will be modified or set aside only if it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  This standard is extremely deferential and will be met only when the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quotation marks omitted).  Here, Judge Boor's ruling on plaintiff's motion for assistance recruiting counsel was not clearly erroneous, so the court will not modify it or set it aside.  To the extent that plaintiff argues that Judge Boor lacked the authority to resolve his motion for assistance recruiting counsel, this court has "designated [Magistrate Judges] to hear and determine any pretrial matter pending before this court."  28 U.S.C. § 636(b)(1)(A); W.D. Wis. LR 72.1.  Moreover, Judge Boor need not have waited for this court's screening order,

6

especially given that she denied his motion for assistance recruiting counsel *without* prejudice, meaning that he could renew it if this case progresses. Plaintiff has also not shown that Judge Boor's conclusion that it was too early to decide whether his case warranted assistance recruiting counsel was clearly erroneous. Finally, to the extent that he asserts that he needs counsel so that prison officials will not destroy original copies of discovery that the Wisconsin Department of Justice sends him, the court agrees with Judge Boor in finding that reason for needing counsel is speculative at best when his complaint does not state a claim or even a plausible injury from destruction of original documents.

## ORDER

IT IS ORDERED that:

1) Plaintiff Parish Golden's complaint (dkt. #1) is DISMISSED without prejudice to plaintiff's filing an amended complaint no later than **September 17, 2025**.

2) Plaintiff's motion for a temporary restraining order (dkt. #21) is DENIED.

3) Plaintiff's motion for the court to issue a screening order (dkt. #31) is DENIED AS MOOT.

4) Plaintiff's objections to Judge Boor's denial of his motion for assistance recruiting counsel (dkt. #30) are OVERRULED.

Entered this 18th day of August, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge